[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff First Capital Equity Corp. Inc. and Joseph A. and Emily P. Beerbower (Beerbower) entered into a contract whereby the plaintiff was to sell to Beerbower real property located at 113 Middle Beach Road, Madison, Connecticut for the sum all $660,000. This contract contained the following clause entitled "septic system contingency: "The contract is contingent upon a satisfactory inspection of the septic system to be performed by a competent septic system inspector. Buyer shall arrange and pay for the inspection and digging associated with the inspection. Seller shall pay for any cleaning or pumping of the septic system that is required in order to perform the inspection. A report of the inspection shall be completed on or before the completion date of August 28, 1998. If the report reveals that the septic system is not in proper working condition, then Buyer shall immediately provide Seller with a copy of the report. If Seller and Buyer cannot come to a mutually satisfactory CT Page 9126 agreement concerning repairs to the septic system and any restoration of the leaching area needed by such repairs, then Buyer may terminate this Contract by giving Seller and Broker written notice within three (3) days of the Completion Date above."
The plaintiff and Beerbower agreed that the inspection would be accomplished by the defendant, Daniel E. Walston, Jr., d/b/a Whitfield Sanitation Service. The defendant pumped out the cesspools and inspected them on this August 28, 1998 and then reported that they were "filled to the top indicating that they are not working properly." As a result of the report, Beerbower exercised his option to terminate the contract and his deposit was returned.
John Bower, Director of Health for the town of Madison, inspected the cesspools for the plaintiff on September 1, 1998.[1] He reported the following: "This letter will certify that I observed portions of the septic system that serves home at 113 Middle Beach Row today and found no evidence of sewage above the ground. The first cesspool was full and was discharging effluent to the second cesspool in series. The second cesspool had approximately 6 — 12 inches of sewage in it, and thus about 3 feet of freeboard. Apparently, there is a third cesspool tied into the second cesspool. The soil conditions in the area of these cesspools provide excellent drainage."
The court finds that the plaintiff sustained its burden of proof that the defendant was negligent when he reported that the cesspools were not operating properly. As a result, the plaintiff sustained certain losses. The plaintiff was able to sell the property to a third party, for the same price but the closing did not take place until January 29, 1999. The plaintiff seeks damages in the total amount of $22,947.24 which is predicated on a time period before the closing was to take pace with Beerbower on November 15, 1998. The damages based on a period between November 15, 1998 and January 29, 1999, the day of the actual sale to the third party, (a period of 75 days) are in the amount of $11,421.75.[2]
Accordingly, the court awards the plaintiff the damages against the defendant in the amount of $11,421.75 plus costs.
Berdon, Judge Trial Referee